UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DAVID MILTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B.M. TRATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00988-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 7) |

　　　　Kyle David Milton ("Plaintiff") is incarcerated at Atwater U.S. Penitentiary and is proceeding *pro se* and *in forma pauperis* in this civil rights action.

　　　　On September 14, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 7). Plaintiff asks for appointment of counsel because he cannot afford counsel; because the issues involved in this case are complex; because he cannot adequately represent himself in this action; because he has limited access to legal materials; because he has no ability to investigate the facts of this case; because he has written letters to non-profit legal aid agencies, to no avail; because he has an extremely limited knowledge of the law; and because this is a meritorious case.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 16, 2022**               /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE