UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DAVID MILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>B.M. TRATE, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00988-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S FILING DATED OCTOBER 30, 2022<br><br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF COMPLAINT (ECF NO. 1) |

Kyle David Milton ("Plaintiff") is incarcerated at Atwater U.S. Penitentiary and is proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff's complaint is awaiting screening.

On November 8, 2022, the Court received an untitled filing from Plaintiff, which is dated October 30, 2022. (ECF No. 9). In the filing, Plaintiff states that he has been in a segregated housing unit for forty-eight days. Plaintiff has asked for law library access every day, but still has not received law library access. Additionally, when Plaintiff finally received his legal property, everything pertaining to this case was gone. Plaintiff also alleges that he did not receive an order from another case he filed in the Eastern District of California until October 28, 2022, even though it was postmarked August 19, 2022. He also did not receive this Court's September 19, 2022 order denying his request for appointment of counsel until October 28, 2022. Plaintiff alleges that he is being denied access to the courts. Plaintiff asks the Court to order his institution

1

of confinement to release his legal mail[1] and legal materials, for access to the law library, and for his mail to stop being held. Plaintiff also asks the Court to send mail to him via certified mail. Finally, Plaintiff asks for a copy of his complaint.

As to Plaintiff's request for access to the law library, it will be denied, without prejudice. Plaintiff's complaint is currently awaiting screening. Plaintiff does not currently have any Court-ordered deadlines, and he has not explained why he needs access to the law library at this time. If Plaintiff continues to be denied access to the law library as this case proceeds, he may file an appropriate motion.

As to Plaintiff's requests related to his mail, they will be denied, without prejudice. Plaintiff only alleges that two orders were received significantly after they were sent. While the alleged delay is significant, there are no allegations suggesting that future orders will have the same delay. If Plaintiff continues to receive mail from the Court significantly after it is sent, Plaintiff may file an appropriate motion.

As to Plaintiff's request for the Court to order his institution of confinement to release his legal materials, it will be denied without prejudice. This case is at the screening stage, and Plaintiff has not identified any legal materials that he did not receive that he needs in order to prosecute this case. Moreover, there are no allegations suggesting that his institution of confinement is withholding additional documents. However, given Plaintiff's allegations, the Court will direct the Clerk of Court to send Plaintiff a copy of the complaint in this action.

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's request for access to the law library is denied, without prejudice;
2. Plaintiff's requests related to his mail are denied, without prejudice;
3. Plaintiff's request for the Court to order his institution of confinement to release his legal materials to him is denied, without prejudice; and

\\\

\\\

---

[1] The Court notes that "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (citation and internal quotation marks omitted).

4. The Clerk of Court is directed to send Plaintiff a copy of his complaint (ECF No. 1).

IT IS SO ORDERED.

Dated: **November 14, 2022**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE