UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KYLE DAVID MILTON, | Case No. 1:22-cv-00988-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED |
| v. | |
| B.M. TRATE, et al., | (ECF Nos. 1 & 11) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |
| | ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Kyle David Milton ("Plaintiff") is incarcerated at Atwater U.S. Penitentiary and is proceeding *pro se* and *in forma pauperis* in this civil rights action.

Plaintiff filed the complaint commencing this action on August 8, 2022. (ECF No. 1). The Court screened Plaintiff's complaint. (ECF No. 11). The Court found that only the following claims should proceed past the screening stage: Plaintiff's Eighth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grassely for deliberate indifference to his serious medical needs and Plaintiff's Fifth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grassely for violating his equal protection rights. (Id.).

The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint that is **no longer than twenty pages (including exhibits)**; b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Eighth

Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grassely for deliberate indifference to his serious medical needs and his Fifth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grassely for violating his equal protection rights; or c. Notify the Court in writing that he wants to stand on his complaint." (Id. at 16-17).  On December 27, 2022, Plaintiff filed a notice that he wants to proceed on the claims that the Court found should proceed past screening.  (ECF No. 12).[1]

Accordingly, for the reasons set forth in the Court's screening order that was entered on December 8, 2022 (ECF No. 11), and because Plaintiff has notified the Court that he wants to proceed on the claims that the Court found should proceed past screening (ECF No. 12), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's Eighth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grassely for deliberate indifference to his serious medical needs and Plaintiff's Fifth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grassely for violating his equal protection rights.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\

\\\

---

[1] Among other things, Plaintiff also includes allegations regarding his attempts to exhaust administrative remedies, including what occurred after Plaintiff filed his complaint.  Plaintiff has chosen not to amend his complaint, and the allegations in his notice are not part of the complaint.  However, if any defendant files a motion to dismiss or for summary judgment based on failure to exhaust available administrative remedies, Plaintiff will have an opportunity to respond.  At this time the Court takes no position on the issue.

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **January 3, 2023**                          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE