UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DAVID MILTON,<br><br>        Plaintiff,<br><br>    v.<br><br>B.M. TRATE, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00988-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED, WITHOUT PREJUDICE<br><br>(ECF No. 19)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Kyle David Milton ("Plaintiff") is incarcerated at Atwater U.S. Penitentiary and is proceeding *pro se* and *in forma pauperis* in this civil rights action. This case is proceeding on Plaintiff's Eighth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grasley[1] for deliberate indifference to his serious medical needs and Plaintiff's Fifth Amendment claims against defendants Trate, Dr. Paltenghi, and Dr. Grasley for violating his equal protection rights. (ECF Nos. 1, 11, 14, & 17). Plaintiff generally alleges that he is not being provided with the proper treatment for his opioid use disorder.

      On March 31, 2023, Plaintiff filed a motion for a preliminary injunction (ECF No. 19), which is now before the Court. Plaintiff asks for an injunctive directing that he receive, among other things, treatment for his opioid use disorder. Plaintiff alleges that he has been approved for

---

[1] "Dr. Grasley is misspelled in the Complaint and caption as 'Grassely.'" (ECF No. 23, p. 1 n.2).

1

treatment twice, by two different psychologists, and that he should have been provided with the medication over a year ago.  He keeps being told that he is on the top of the priority list, but he is not being provided with the medication.  Plaintiff is going to be released in five months, and without this treatment, Plaintiff may overdose and die.

On April 18, 2023, defendants Grasley and Trate made a special appearance to oppose the motion.  (ECF No. 23).  These defendants argue, among other things, that Plaintiff's "motion is not supported by competent evidence."  (Id. at 3).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The Court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Without weighing in on the other issues posed by Plaintiff's motion, the Court will recommend denial of the motion without prejudice because Plaintiff has not submitted any evidence in support of his motion.  There are no exhibits, and Plaintiff's motion is not signed under penalty of perjury. [2]  As Plaintiff failed to submit any evidence, the Court finds that Plaintiff has not shown a likelihood of success on the merits, or a serious question as to the merits.[3]

Therefore, the Court will recommend that Plaintiff's motion be denied, without prejudice to Plaintiff filing another motion that includes supporting evidence.  This evidence may include exhibits (such as medical records demonstrating that Plaintiff was approved for treatment), as well a declaration from Plaintiff or other witnesses, signed under penalty of perjury, that includes facts of which they have personal knowledge.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 19) be DENIED, without prejudice to Plaintiff filing another motion for a preliminary injunction that includes supporting evidence.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

---

[2] The Court notes that Defendants' opposition also did not include any evidence.
[3] A "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011)).

1  The parties are advised that failure to file objections within the specified time may result
2 in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)
3 (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2023**                              /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE

4