UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DAVID MILTON,<br><br>Plaintiff,<br><br>v.<br><br>B.M. TRATE, et al.,<br><br>Defendants. | Case No. 1:22-cv-00988-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

    Kyle David Milton is an inmate in custody of federal Bureau of Prisons and is proceeding *pro se* and *in forma pauperis* in this civil rights action. For reasons stated below, the Court recommends that this be dismissed without prejudice for failure to prosecute and failure to comply with Court's orders.

**I.   BACKGROUND**

    Defendants Trate and Grasley[1] filed a motion to dismiss and for summary judgment on April 25, 2023. (ECF No. 25). Their motion included a written warning about failure to respond as required by *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) and included a summary of Local Rule 230, warning that failure to respond may result in imposition of sanctions. (ECF No. 25 at 2–3). Defendant Paltenghi joined their pending motions on May 26,

---

[1] On the Court's docket, Dr. Grasley's name appears as "Grassley" because it was spelled that way in the Plaintiff's complaint. Defendants' Motion to Dismiss (ECF No. 25 at 2, n.1), states that the correct spelling is "Grasley."

2023. (ECF No. 30). Thus, all three Defendants remaining after the Court's screening order (ECF No. 11) joined in the motion to dismiss and for summary judgment. Plaintiff asked for additional 60 days to respond (ECF No. 28) and the Court granted him the extension. (ECF No. 29). Plaintiff had until July 18, 2023 to respond to the motion to dismiss and for summary judgment, but no response was filed by that date. On August 2, 2023, Defendants filed a Response in support of their unopposed motion, urging the Court to grant it. (ECF No. 32).

The Court then issued an order on August 8, 2023, sua sponte giving Plaintiff another twenty-one days to file an opposition or statement of non-opposition to Defendants' motion to dismiss and for summary judgment. (ECF No. 33). In that order, the Court warned Plaintiff that if he "fails to file his opposition within this period, the Court may deem the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Alternatively, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a court order." (*Id.* at 2).

The twenty-one-day period has expired, and Plaintiff has not filed an opposition to Defendants' motion or otherwise responded to the Court's order. It appears that Plaintiff is unlikely to do so, for it was returned to the Court on August 22, 2023 as undeliverable and Plaintiff has failed to update his address with the clerk of court in the subsequent three months.

**II.   LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

**III.   ANALYSIS**

Despite the Court's order for Plaintiff to file an opposition or statement of non-opposition to Defendants' motion to dismiss and for summary judgment within twenty-one days, after more

than three months, Plaintiff failed to file any response. Moreover, Plaintiff has failed to keep his address current with the clerk of court, as required by Eastern District of California Local Rule 182(f) ("Each . . . pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address . . . Absent such notice, service of documents at the prior address . . . shall be fully effective."). Plaintiff was also required to keep his address current by the Court's order. (ECF No. 3 at 5). The Court issued multiple orders warning Plaintiff that failure to comply with Local Rules may result in dismissal of his case (ECF No. 3 at 1) and that failure to file an opposition to Defendants' motion or statement of non-opposition may result in recommendation that "this action be dismissed for failure to prosecute and failure to comply with a court order." (ECF No. 33 at 2). Despite these warnings, Plaintiff has failed to prosecute this action and to follow Court's orders.

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . " *Pagtalunan*, 291 F.3d at 639. Despite being given ample opportunity to do so, Plaintiff has failed to respond to the Defendants' motion filed seven months ago and the Court's order filed three months ago. Plaintiff also failed to update his address for the past three months. This failure to respond and to keep the Court and the Defendants informed as to the address to which pleadings and discovery may be sent is inexcusably delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this

case that is causing delay. Moreover, Defendants are urging the Court to dismiss the case. (ECF Nos. 25, 32). Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows sua sponte dismissal by the Court because "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. Because the dismissal is without prejudice, and thus, does not operate as an adjudication on the merits, this factor weighs against dismissal.

## IV. CONCLUSION AND RECOMMENDATIONS

After weighing the *Pagtalunan* factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders;
2. Defendants' Motion to Dismiss, ECF No. 25, be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 27, 2023**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE